**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0351-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENNETH A. BARR,

    Defendant-Appellant.

_____

Argued telephonically October 4, 2017 —
Decided November 2, 2017

Before Judges Koblitz and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Salem County, Indictment No.
10-02-0076.

Kenneth Barr, appellant, argued the cause pro
se.

Marianne V. Morroni, Assistant Prosecutor,
argued the cause for respondent (John T.
Lenahan, Salem County Prosecutor, attorney;
Ms. Morroni, on the brief).

PER CURIAM

    Defendant Kenneth Barr appeals from the July 9, 2015 order

denying his third petition for post-conviction relief (PCR) based

on ineffective assistance of counsel. Having considered

defendant's arguments in light of the record and controlling law, we affirm.

We briefly recite the underlying facts and procedural history relevant to our decision. On October 3, 2008, defendant solicited a friend to shoot his girlfriend. The shooting, in defendant's presence, resulted in the death of the girlfriend. On December 23, 2010, defendant pled guilty to first-degree murder, N.J.S.A. 2C:11-3a(1), in exchange for a forty-year sentence of incarceration subject to an eighty-five percent parole disqualifier, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Appropriate fines and penalties were also imposed. Defendant filed a notice of appeal on September 14, 2011. An order dismissing the appeal was filed on December 7, 2011.

A pro se petition for PCR was filed in January 2012. Predicated upon defendant's claim of ineffective assistance of counsel, an evidentiary hearing was conducted on February 1, 2013, at which defendant and his trial counsel testified. During defendant's testimony, he referenced his relationship with his trial counsel and his claim that his counsel did not provide him with discovery until after his plea. Defendant further testified

regarding when he learned of a video that he believed was exculpatory.[1]

> Q. Uh-huh. I'd like to turn your attention to your relationship with your prior trial counsel. You heard his testimony.
>
> So, while he was representing you, do you feel he attempted to get your version of the events in question?
>
> A. No, he never asked me my version of the story, he just assumed I was guilty. Like, I tried to tell him and explain to him, like, what happened in my version, and he never gave me my discovery, or nothing. So, well not to talk about that; but if he would have looked at certain things in my discovery, he would have seen that I wasn't lying to him, and he just took the statement from me.
>
> Like — like if he would have the times from the camera footage and read the statement of the eye[-]witness who wasn't involved in the case. I believe his name is Jamal Johnson. He would have seen that I — my story, what I was telling him, corroborated it. But, he just assumed I was guilty.
>
> Q. And, this is — you, obviously, had become aware of this video that shows these discrepancies?

---

[1] Defendant's trial counsel testified during the hearing that discovery was provided prior to the plea.

A.   I never knew — I never know about the video footage; I never knew about none of the statements; because I never had my discovery. (Indiscernible)

Q.   When did — when did you, in fact, learn about these?

A.   When I went to prison and Dale Jones sent me a copy of my discovery.

Q.   So, you never learned about this possible video evidence in your favor, until after you had entered into a [p]lea?

A.   Yep.

The PCR was denied. We affirmed after appeal. State v. Barr, No. A-4790-12 (App. Div. Feb. 25, 2015).

Thereafter, defendant filed a second petition for PCR on February 6, 2014. That petition was denied in a letter opinion. No appeal was taken from that decision.[2]

Defendant filed a third petition for PCR on April 29, 2015. The PCR judge denied the petition in a written opinion holding that the factual predicate for the claims could have been

---

[2] The record on appeal does not contain any documents relating to the second PCR, including the letter opinion. According to the State's brief, the "PCR was subsequently denied on April 15, 2014, based on the defendant's failure to establish good cause by asserting one of the grounds for newly discovered evidence or the issues had been previously litigated."

discovered earlier and that the claims were previously adjudicated. This appeal followed.

On appeal defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN NOT GRANTING PETITIONER ORAL ARGUMENTS OR AN EVIDENT[I]ARY HEARING, BEING THAT PETITIONER HAS A[] SIGNED CERTIFIED STATEMENT FROM THE STATE[']S STAR WITNESS STEVEN BARR, THAT GIVES NEW EXCU[L]PATORY TESTIMONY IN FAVOR OF PETITIONER[,] AND ALSO TO DETERMINE WHY PETITIONER[']S TRIAL ATTORNEY FAILED TO INVESTIGATE OR QUESTION WINTESSES [] IN VIOLATION OF PETITIONER[']S U.S. CONST. AMENDS. IV, V, IX, AND XIV; N.J. CONST. ART. [I].

POINT II

THE TRIAL COURT ERRED IN NOT HOLDING [A] HEARING TO DETERMINE IF THERE IS MERIT TO PETITIONER['S] CLAIMS THAT HIS TRIAL ATTORNEY DID NOT ADVISE HIM OF HIS RIGHT TO REVOKE HIS PLEA AFTER THE ORIGINAL AGREEMENT WAS CHANGED BECAUSE IT WAS AN ILLEGAL SENTENCE [] IN VIOLATION OF PETITIONER[']S U.S. CONST. AMENDS. IV, V, IX, AND XIV; N.J. CONST. ART. [I].

POINT III

THE [TRIAL] COURT ERRED WHEN IT DID NOT CREDIT PETITIONER[] THE THREE DAYS OF HIS INCARCERATION IN THE STATE OF DELAWARE WHILE HE AWAITED TO BE TRANSFER[R]ED TO THE STATE OF NEW JERSEY IN VIOLATION OF PETITIONER[']S U.S. CONST. AMEND V, IX.

In a reply brief, defendant raises the following points:

A-0351-15T2

POINT I

THE STATE MISREPRESENTED THE ISSUES RAISED IN
THIS [] APPEAL[,] IN REFERENCE TO WHAT THE
PETITIONER IS USING AS NEW EVIDENCE AND WHAT
HE IS USING AS OLD EVIDENCE TO HELP SUPPORT
HIS NEW EVIDENCE[,] I.E.[,] STEVEN BARR SIGNED
CERTIFICATION DATED [MARCH 22, 2015].

POINT II

THE STATE MISREPRESENTED THE COURT RULES ON
WHAT IS NEW EVIDENCE AND THE PROPER WAY TO
DETERMINE IF A PRIMA FACIE CASE OF INEFFECTIVE
ASSSISTANCE HAS BEEN SHOWN.

POINT III

THE STATE MISREPRESENTED THE PETITIONER[']S
ARGUMENT IN REFERENCE TO THE PETITIONER[']S
TRIAL COUNSEL['S] FAILURE TO INFORM HIM OF HIS
RIGHT TO REVOKE HIS PLEA AFTER THE ORIGINAL
AGREED UPON SENTENCE WAS CHANGED.

Our analysis of the issues raised on appeal is guided by a review of the two court rules that apply to a second or subsequent PCR.  Rule 3:22-12(a)(2) states:

> [N]o second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for relief sought was discovered, if that factual predicate could not have been

6

discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

Here, defendant appeals the denial of his third PCR petition. Consequently, Rule 3:22-12(a)(2) governs. Under Rule 3:22-4(b),

[a] second or subsequent petition for post-conviction relief shall be dismissed unless:

(1) it is timely under [Rule] 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that

7

> represented the defendant on the
> first or subsequent application for
> post-conviction relief.

We reject defendant's contentions and affirm the denial of his third petition for PCR for two reasons.

First, the petition failed to comply with the time restrictions set forth in Rule 3:22-12(a)(2). Defendant is not contending that there is a new rule of constitutional law. Instead, defendant contends that he could not have discovered the factual predicate for his trial counsel's ineffective assistance, i.e., his brother, Steven Barr's recent information about the crime as set forth in an undated certification. Defendant also argues that the videotape footage and the statement of Jamar Johnson, although "old evidence," also comprised the predicate for his claim of ineffective assistance.

We address the latter argument by noting that neither the videotape nor the Johnson statement qualify as a factual predicate that would render defendant's petition timely. Defendant was aware of the videotape and the statement in early 2011, at the latest. As such, defendant's awareness of this evidence precludes it as the factual predicate to justify his late filing.

Notwithstanding the issue of timeliness, it is notable that both the police report which details the attire and step-by-step whereabouts of defendant, Steven Barr, and a friend at the motel

as taken from the videotape on the date of the shooting, as well as the Johnson statement, are compelling proof not of defendant's innocence, but rather of his guilt.[3]

Saliently, the police were able to identify defendant as a suspect in the murder using footage from the videotape. Further, in his statement to the police, Johnson indicated that two days prior to the shooting he overheard a telephone altercation between the victim and defendant. The call was on speakerphone, and the victim identified the caller as defendant. Johnson indicated that defendant repeatedly called the victim, even after he was told to leave her alone. Johnson then noted that he heard defendant say he was going to kill the victim. Johnson further stated that upon answering an incoming call, defendant proceeded to threaten him by suggesting he would get at Johnson like the victim was going to get it. In sum, no fair reading of the police report and Johnson's statement would lead trial counsel to conclude that they were exculpatory.

Defendant also argues that Steven Barr's undated certification could not have been reasonably discovered over the course of seven years. Even were we to accept this argument, rejected by the PCR judge, and find the third PCR was timely based

---

[3] The videotape was not made part of the Appellate record.

upon newly discovered evidence, defendant cannot satisfy the first prong of the Strickland test on the merits.[4]

To show ineffective assistance of counsel, a defendant must satisfy the two-pronged test of Strickland. "The defendant must demonstrate first that counsel's performance was deficient, i.e., that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.'" State v. Parker, 212 N.J. 269, 279 (2012) (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693) (internal quotation omitted). The defendant must overcome a "strong presumption that counsel rendered reasonable professional assistance." Ibid. Second, "a defendant must also establish that the ineffectiveness of his attorney prejudiced his defense. 'The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 279-80 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

"Counsel cannot be faulted for failing to expend time or resources analyzing events about which they were never alerted."

---

[4] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted in State v. Fritz, 105 N.J. 42 (1987).

State v. DiFrisco, 174 N.J. 195, 228 (2002). "Counsel's actions are usually based, quite properly . . . on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information." Strickland, supra, 466 U.S. at 691, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695-96 (1984). As the PCR record is devoid of proof that defendant's trial counsel was or could have been aware of the content of Steven Barr's certification predicated upon its timing, the claim of ineffective assistance is wholly without merit.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION